**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | No. 23 CR 81 |
| v. | ) | Chief Judge Virginia M. Kendall |
| SHAWN KENNY MAY | ) | |
| Defendant. | ) | |

**OPINION & ORDER**

Defendant Shawn Kenny May moved on an expedited basis to preclude Dr. Matthew Norman from testifying at the August 25-26, 2026, *Daubert* hearing under Federal Rules of Criminal Procedure 16(a)(1)(G) and 16(d)(2). (Dkt. 132). May asserts that the Government identified Dr. Norman in March 2026 but has disclosed no report nor complete set of his opinions. (*Id.* at 2-4). May asserts that the Government's failure to disclose was deliberate and willful. (*Id.* at 5-7). May claims prejudice from the Government's conduct because it prevented him from meaningfully preparing for Dr. Norman's cross examination. (*Id.* at 5-10). The Government did not respond to May's motion. The Court held Oral argument over May's motion on August 25, 2026. Among the reasons stated on the record, the Government primarily argued that the Federal Rules of Criminal Procedure did not require it to disclose any information more than it already provided, which, the Government asserts, was sufficient to put May on notice of the substance of Dr. Norman's anticipated testimony. The Government further asserts that, at any rate, it could not provide a complete disclosure of Dr. Norman's opinions because May failed to produce certain necessary discovery.

Federal Rule of Criminal Procedure 16(a)(1)(G)(i) provides that "the government must disclose to the defendant, in writing, the information required by [Rule 16(a)(1)(G)](iii) for any testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C)." *Id.* Rule 16(a)(1)(G)(i) further provides that, if the Defendant complies with their discovery duties, "the government must . . . disclose to the defendant, in writing, the information required by [Rule 16(a)(1)(G)](iii) for testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 on the issue of the defendant's mental condition." *Id.*

The entire purpose of a *Daubert* hearing is for the Court to perform its gatekeeping function. These hearings are "beneficial" because, without them, "it may be difficult . . . for the district court to clearly discern an expert's methodology and to evaluate how that methodology connects to the expert's opinions." *United States v. Holguin*, 51 F.4th 841, 853 (9th Cir. 2022). "When an expert's methodology is directly presented and probed," the Court is "well positioned to make the reliability

findings" the law requires and to "prevent the jury from hearing potentially prejudicial foundation testimony if the expert's opinions are ultimately excluded." *Id.*

It is self-evident that the Court cannot perform these gatekeeping functions if the parties fail to disclose their expert opinions. *Id.* The Government's position that it need not disclose its expert's opinions before the *Daubert* hearing is unfounded. Fed. R. Crim. P. 16(a)(1)(G)(i), (ii). Such "[l]ate disclosure . . . interferes with the court's ability to make thoughtful and proper rulings under *Daubert*" because the Court "cannot perform that complex evaluation of an expert's proposed methodology without a clear articulation of what the expert's opinions are and, even more importantly, of the bases for those opinions." *See United States v. Georgievski*, 2017 WL 11492762, at *1 (D. Nev. Oct. 20, 2017). If "the information is not disclosed until trial," the Court "would have to recess the trial to conduct *Daubert* hearings on each expert, delaying and disrupting the flow of the trial and imposing potentially significant time burdens on the jury." *Id.*; *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (the Court "has broad latitude in determining whether an expert's testimony is reliable" and "also in deciding *how* to determine the testimony's reliability") (quotes omitted).

All things considered, however, the Court finds that the severe sanction of striking Dr. Norman is unwarranted at this juncture. *See* Fed. R. Crim. P. 16(d)(2)(C); *Holguin*, 51 F.4th at 852 ("Rule 702 gives district courts 'broad latitude' to structure proceedings concerning expert testimony"); *Murray v. S. Route Mar. SA*, 870 F.3d 915, 923 (9th Cir. 2017). Because the trial is not until October 5, 2026, the Court Orders May to produce any outstanding discovery by August 31, 2026. Fed. R. Crim. P. 16(b). The Court Orders the Government to produce Dr. Norman's full and complete report and opinions by September 7, 2026. Fed. R. Crim. P. 16(a)(1)(G)(iii). The Court Orders the parties to submit an agreed set of dates when Dr. Norman can testify for the Court to hold a virtual *Daubert* hearing. May's Motion to Exclude is denied. (Dkt. 132).

Virginia M. Kendall
United States District Judge

Date: August 26, 2026